FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 07 2010

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| Pitonyak Machinery Corporation,<br><br>        Plaintiff,<br><br>Brandt Industries Ltd. and<br>Brandt Agricultural Products Ltd.<br><br>        Defendants. | CIVIL ACTION<br>NO. 4:10cv 772 JMM<br><br>INJUNCTIVE RELIEF SOUGHT<br><br>This case assigned to District Judge Moody<br>and to Magistrate Judge Ray |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

### FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)); and, TRADEMARK UNFAIR COMPETITION (COMMON LAW)

Plaintiff, Pitonyak Machinery Corporation, ("PMC"), by its attorneys, alleges as follows:

### JURISDICTION AND VENUE

1. This is an action seeking injunctive relief and damages for:

(1) trademark false designation of origin in violation of the Trademark Act of the United States, 15 U.S.C. § 1125(a); and, (2) unfair competition in violation of the common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 (Lanham Act),

- 1 -

28 U.S.C. § 1331 (federal question) and § 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq*.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(d), in that Defendants, Brandt Industries, Ltd. ("BIL") and Brandt Agricultural Products Ltd. ("BAPL") are aliens.

## THE PARTIES

4. Plaintiff, PMC, is and was at all relevant times a corporation duly organized under the laws of the State of Arkansas, located and doing business at 1220 East Durkee Street, Carlisle, Arkansas, 72024.

5. PMC's business includes, *inter alia*, the production and sale of agricultural machinery, and other goods and services related to agricultural machinery.

6. Upon information and belief, Defendant, BIL, is and was at all relevant times a corporation duly organized under the laws of Saskatchewan, Canada, located and doing business at 13th Avenue & Pinkie Road, Regina, Saskatchewan, Canada S4P 3A1.

7. Upon information and belief, Defendant, BAPL, is and was at all relevant times a corporation duly organized under the laws of Saskatchewan, Canada, located and doing business at 13th Avenue & Pinkie Road, Regina, Saskatchewan, Canada S4P 3A1.

8. Upon information and belief, Defendants' business includes, *inter alia*, the production and sale of agricultural machinery and other goods and services related to agricultural machinery.

9. By this action, PMC seeks to temporarily, preliminarily and permanently enjoin Defendants from injuring PMC's business, reputation and goodwill through a deliberate scheme to mislead the public concerning the source, origin or affiliation of Defendants' goods and services, and to trade upon the goodwill established by PMC and its predecessors-in-interest, in PMC's trademark.

10. PMC additionally seeks monetary damages for the injuries incurred as a result of Defendants' activities, including attorney's fees and costs owing to the exceptional nature of Defendants' conduct and disregard for PMC's proprietary rights.

### PMC's TRADEMARK

11. PMC's reputation and goodwill are the result of *inter alia*, the continuous and extensive use of the mark, BRANDT, in connection with agricultural machinery and related goods and services by PMC and its predecessors-in-interest in the United States since at least as early as 1945.

12. PMC is the owner of the mark, BRANDT, for use in connection with various types of agricultural machinery, including but not limited to grain carts.

13. PMC purchased the BRANDT mark from Brandt Mfg. Co., Inc. and Brandt Inc., as part of an asset purchase and sale agreement on October 24, 2002.

14. On December 4, 2002, PMC filed an application with the U.S. Patent and Trademark Office to register the mark, BRANDT, for agricultural machines, namely, land levelers, loader forks for agricultural tractors, utility land levelers, box scrapers, heavy duty stubble rollers, hydraulic folding field rollers, hipper rollers, agricultural tractor-towed non-motorized grain carts, quick hitches for tractors and personnel work platforms for forklifts.  PMC's application to register the BRANDT mark has been suspended pending the disposition of an application filed by BIL, on grounds that there may be a likelihood of confusion between BIL's application to register the BRANDT mark and PMC's application to register the BRANDT mark.  BIL's application was filed subsequent to PMC's application, however, BIL was given a priority date prior to PMC's filing date pursuant to Section 44(d) of the Trademark Act 15 U.S.C. § 1126(d).

15. Continuously, since at least as early as 1945, PMC and its predecessors-in-interest have used the BRANDT mark to identify agricultural machinery and related goods and services and to distinguish them from those made and sold by others, by, among other things, prominently displaying the mark on the goods, and on point-of-purchase displays associated therewith.  In addition, PMC and its predecessors-in-interest have prominently displayed the mark on store fronts, letterheads, bills, direct mail advertising, radio and television advertising, telephone directories, internet advertising, websites and in periodicals distributed throughout the United States.

16. As a result of PMC's and its predecessors-in-interest's substantial time and efforts in using and promoting its BRANDT mark, its mark has come to enjoy widespread and favorable recognition among the relevant trade as designating origin in PMC and represents a business reputation and goodwill of significant value to PMC.

17. By virtue of the substantial sales and promotion of PMC's goods and services, and the trademark rights achieved through the substantial use and promotion of its BRANDT mark, PMC has the exclusive right to use its mark for its goods and services.

## DEFENDANTS' INFRINGING ACTIVITIES

18. Notwithstanding PMC's rights in its BRANDT mark, Defendants have undertaken a concerted plan and course of conduct designed to trade upon PMC's reputation and good will by appropriating and infringing PMC's mark by, *inter alia*, (i) causing public confusion as to the source, sponsorship or affiliation of Defendants' goods and services, and (ii) causing injury to PMC's business reputation.

19. Subsequent to PMC's and/or its predecessors-in-interest's use of its BRANDT mark on agricultural machinery and related goods and services, Defendants began using the mark, BRANDT, in connection with agricultural machinery and related goods and services.

20. Defendants are infringing PMC's BRANDT mark in interstate commerce by various acts, including, but not limited to the use of PMC's mark directly on agricultural machinery; the use of PMC's mark as a part of an advertising campaign; the use of PMC's mark on BIL's website to advertise agricultural machinery and other related goods and services; and the use of PMC's mark at U.S. tradeshows directed to the agricultural market. These uses of PMC's BRANDT mark by Defendants are without permission or authority of PMC and are likely to cause confusion, to cause mistake and to deceive, to the irreparable damage of PMC.

21. On February 6, 2003 Defendant, BIL, filed an application with the U.S. Patent and Trademark Office for registration of the mark, BRANDT, in connection with, *inter alia*, grain handling equipment, namely, augers, conveyors and grain vacuums; spraying equipment, namely, pole-type and three point sprayers; light duty tillage equipment, namely, harrows; livestock feeding and processing equipment, namely, bale processors; and custom manufacture and fabrication of machines. BIL's application was given a priority date of August 6, 2002, pursuant to Section 44(d) of the Trademark Act, 15 U.S.C. § 1126(d).

22. On July 12, 2006, PMC filed an opposition to BIL's application for registration of the BRANDT mark. During the opposition proceeding, PMC submitted evidence of PMC's use of the mark, BRANDT, in connection with agricultural machinery, including grain carts. BIL's attorney attended the testimonial deposition at which PMC submitted such evidence.

23. On November 16, 2009, BIL, through their attorney, submitted a brief in connection with the opposition proceeding. In this brief, BIL stated, "[BIL] does not contest [PMC's] claim that its predecessors-in-interest used [PMC's] BRANDT mark in connection with agricultural equipment prior to [BIL's] first use of its BRANDT mark in the United States in connection with any goods and services." BIL further stated,

"[BIL] also does not contest the claim that [BIL] is not entitled to registration of its BRANDT mark in connection with the goods recited in Class 7 in its application,…"

24. Upon information and belief, subsequent to preparing and filing this brief, Defendants expanded Defendants' goods to include the manufacture and sale of grain carts in the United States.

25. Defendants began offering for sale and selling grain carts under the BRANDT mark with actual knowledge and evidence of PMC's priority in its BRANDT mark for agricultural machinery and the use of its BRANDT mark on grain carts in the United States.

26. Defendants' appropriation and use of PMC's BRANDT mark is willful and intentional, and is intended to cause confusion, to cause mistake and to deceive.

27. Upon information and belief, Defendants' acts of false designation of origin and unfair competition have been willful and intentional and committed with an intent to cause confusion, to cause mistake, or to deceive.

28. PMC has requested Defendants to cease and desist from their acts of trademark infringement, false designation of origin and unfair competition, particularly in connection with grain carts, but Defendants have not substantively responded to PMC's correspondence or given any indication that Defendants

intend to cease Defendants' acts of trademark infringement, false designation of origin and unfair competition.

29. Defendants actions have caused actual confusion in consumers in the nature of telephone calls, emails and personal inquiries.

## COUNT ONE
## FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125(a)

30. PMC re-alleges Paragraphs 1 through 27, as if fully set forth herein.

31. Defendants' use of the BRANDT mark in connection with the sale and promotion of its goods and services constitutes the use in commerce of words, terms, names or symbols, and a false designation of origin and false and misleading description and representation that is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with PMC and as to the origin, sponsorship and approval of Defendants' goods and services in violation of section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

32. Said acts of Defendants have caused and will cause great and irreparable injury to PMC and, unless such acts are restrained by the Court, said acts will continue and PMC will continue to suffer great and irreparable injury.

33. PMC has no adequate remedy at law.

## COUNT TWO
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

34. PMC re-alleges Paragraphs 1 through 31, as if fully set forth herein.

35. Defendants' acts constitute unfair competition and trademark infringement of PMC's common law rights in its BRANDT mark.

36. PMC's BRANDT mark has acquired distinctiveness as a result of its substantially exclusive and continuous use of the mark in interstate commerce since at least as early as 1945. Continuously since at least 1945, PMC and its predecessors-in-interest have used the mark, BRANDT, to identify its goods and services and to distinguish them from those made, offered and sold by others. PMC and its predecessors-in-interest have extensively promoted its BRANDT mark by, *inter alia*, prominently displaying its BRANDT mark on its goods, and on displays associated with its goods. In addition, PMC and its predecessors-in-interest have prominently displayed its BRANDT mark on store fronts, letterheads, bills, direct mail advertising, radio and television advertising, telephone directories, periodicals distributed throughout the United States, and on the internet. Said goods and advertising have been distributed in the trade areas where Defendants are doing business. As a result of said sales and advertising by PMC under its BRANDT mark, the mark has developed and now has a

secondary and distinctive trademark meaning to purchasers in Defendants' trade areas. PMC's BRANDT mark has come to indicate to purchasers a meaning of agricultural machinery and related goods and services originating only with PMC. As a result of said association by purchasers, Defendants' use of the BRANDT mark is likely to cause confusion in purchasers.

37. Defendants' acts constitute infringement of PMC's BRANDT mark, and unfair competition with PMC, in violation of PMC's rights under the common law.

38. Said acts of Defendants have caused and will cause great and irreparable injury to PMC and, unless such acts are restrained by the Court, said acts will continue and PMC will continue to suffer great and irreparable injury.

39. PMC has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, PMC prays:

40. That this Court grant a preliminary and permanent injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendants, their agents, servants, employees and subsidiaries from directly or indirectly using the name BRANDT or any other mark, word or name similar to PMC's BRANDT mark which is likely to cause confusion, mistake, or to deceive.

41. That this Court grant an injunction, enjoining and restraining Defendants' and their agents, servants and subsidiaries from using any false designation of origin or false description or false representation in connection with the advertising, promotion or offering of agricultural machinery or related goods and services and from doing any other act or thing calculated or likely (i) to cause confusion, to cause mistake or to deceive the public into the belief that Defendants or Defendants' goods and services are PMC or PMC's goods or services, or come from or are affiliated with PMC, or sponsored or approved by PMC, or come from the same source as PMC or PMC's goods and services, or (ii) to injure the business reputation of PMC.

42. That Defendants be required to account to PMC for any and all profits derived by Defendants from the sale of its agricultural machinery and related goods and services, including grain carts, and for all damages sustained by PMC by reason of said acts of infringement and unfair competition complained of herein, pursuant to 15 U.S.C. § 1117.

43. That the costs of this action be awarded to PMC, pursuant to 15 U.S.C. § 1117.

44. That PMC be awarded its reasonable attorneys fees, pursuant to 15 U.S.C. § 1117(b).

45. That the Court grant such other and further relief as it shall deem just and proper.

```
                              DOVER DIXON HORNE PLLC
                              425 West Capitol, Suite 3700
                              Little Rock, Arkansas 72201
                              501-375-9151
                              501-375-6484 (facsimile)


                              _____
                              Thomas S. Stone (ABA#67050)
                              tstone@ddh-ar.com
                              Counsel for Plaintiff
```

OF COUNSEL:

Daniel T. Earle
James E. Shlesinger
Attorneys for Plaintiff
SHLESINGER, ARKWRIGHT & GARVEY LLP
5845 Richmond Highway, Suite 415
Alexandria, Virginia 22303
Phone: (703) 684-5600
Fax:   (703) 836-5288
Danearle@sagllp.com
Jim@sagllp.com